Aileen M. Hunter, California Bar No. 253162
aileen.hunter@bryancave.com
Kristin S. Webb, California Bar No. 258476
webbk@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. (erroneously sued as "Chase, aka Chase Bank, JP Morgan Chase Bank N.A., Chase Mortgage Banking, JP Morgan Chase & Co.");
JAYME L. BOWMAN (formerly known as JAYME HELLER)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JACK R. FINNEGAN,<br><br>            Plaintiff,<br><br>vs.<br><br>CHASE, aka CHASE BANK, JP MORGAN CHASE BANK N.A., CHASE MORTGAGE BANKING, JP MORGAN CHASE & Co. JAYME HELLER, and DOES 1 – 100,<br><br>            Defendants. | Case No.<br><br>(Orange County Superior Court Case No. 37-2017-00922651)<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446**<br><br>**[FEDERAL QUESTION]** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JACK R. FINNEGAN, IN PRO PER:

PLEASE TAKE NOTICE that Defendants JPMorgan Chase Bank, N.A. (erroneously sued as "Chase, aka Chase Bank, JP Morgan Chase Bank N.A., Chase Mortgage Banking, JP Morgan Chase & Co.") ("Chase") and JAYME L. BOWMAN (formerly known as JAYME HELLER), ("Bowman") (collectively "Defendants") remove the above-referenced action from the Superior Court of the State of California, for the County of Orange, Case No. 30-2017-00922651, to the United States District Court, for the Central District of California. Federal jurisdiction of this action is proper on the basis of federal question under 28 U.S.C. sections 1331 and 1441(c). Defendants remove this action on the following grounds:

**Timeliness Of Removal**

1. On May 26, 2017, Plaintiff Jack R. Finnegan ("Plaintiff") filed a Summons and Complaint in the Superior Court of the State of California, for the County of Orange, styled *Jack R. Finnegan, Plaintiff v. Chase, aka Chase Bank, JP Morgan Chase Bank N.A., Chase Mortgage Banking, JP Morgan Chase & Co. Jayme Heller, and DOES 1 – 100*, Case No. 30-2017-00922651 ("State Court Action"). A true and correct copy of the Summons and Complaint, filed in the Orange County Superior Court, is attached to this Notice as **Exhibit A**.

2. The Complaint alleges causes of action for: (1) Anticipatory and Breach of Contract; (2) Contract and Constructive Fraud; (3) Slander of Title; (4) Breach of Fiduciary Duties; (5) False-Implication Libel; (6) California RICO & 18 U.S.C. § 1961; and (7) Extortion.

3. Chase received a copy of the Summons and Complaint by certified mail on June 1, 2017.

4. Exhibit A to the Notice of Removal constitutes all pleadings, process and orders served in this action at the time of removal.

5. This Notice is timely as it is filed within 30 days of the receipt by Chase of a copy of the Summons and Complaint in this action. *See* 28 U.S.C. § 1446(b).

6. On information and belief, Defendant Bowman has not been served with the Summons and Complaint. Chase does not need the consent of Ms. Bowman for this removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting that "a party not served need not be joined" in a petition for removal) superseded by statute on unrelated grounds, as noted in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 n. 3 (9th Cir.1988); *see also Inglis v. D.R. Horton, Inc.*, 08CV1825JM(BLM), 2008 WL 4997611 (S.D. Cal. Nov. 24, 2008) ("Since Pritchett was not served at the time the Notice of Removal was filed, his consent to removal was not required."); *Sue Tsang v. Select Portfolio Servicing, Inc.*, EDCV 12-00127 VAP, 2012 WL 10423187, *6 (C.D. Cal. Aug. 3, 2012) (same).

7. The Complaint also names as defendants "DOES 1 – 100." Defendants are informed and believe and on that basis alleges none of the fictitiously-named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Doe" defendants need not be joined in a removal petition).

## Federal Question

8. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331.

9. In the Complaint, Plaintiff claims violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* (Ex. A, Compl., ¶ 40).

10. Because this Court has original jurisdiction, Defendants may remove the State Court Action pursuant to 28 U.S.C. § 1441(a) and (c).

11. This Court is the appropriate venue for removal under 28 U.S.C. § 1446(a). The State Court Action was pending before the Superior Court for the County of Orange. This Court is the United States District Court for the "district and division embracing the place where the action was pending." 28 U.S.C. § 1446(a).

12. This Court also has supplemental jurisdiction over Plaintiff's state law claims because they "are so related to the [federal] claims . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

## Pleadings And Process

13. <u>Parties</u>: Chase and Bowman file this Notice of Removal on their own behalf.

14. <u>Pleadings</u>: Chase and Bowman have not filed a response to the Complaint.

15. <u>Proper Court</u>: Removal to this Court is proper under 28 U.S.C. section 1441(a) because the Superior Court of California, in and for the County of Orange, is geographically located within this Court's district and division.

16. <u>Notice</u>: Defendants are serving a copy of this Notice of Removal on all adverse parties and filing a copy with the clerk of the state court pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Parties and State Court of Removal, without exhibit, is attached to this Notice as **Exhibit B**.

17. <u>Signature</u>: This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

18. <u>Jury Demand</u>: Plaintiff demands a jury trial in the Complaint.

19. By removing on the basis of federal question, Defendants do not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages. Defendants deny the material allegations contained in the Complaint, generally and specifically.

WHEREFORE, Defendants respectfully request the State Court Action be removed from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further request that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice Chase may be entitled to receive.

Dated: June 30, 2017

Aileen M. Hunter
Kristin S. Webb
**BRYAN CAVE LLP**

By: */s/ Kristin S. Webb*
    Kristin S. Webb
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. (erroneously sued as "Chase, aka Chase Bank, JP Morgan Chase Bank N.A., Chase Mortgage Banking, JP Morgan Chase & Co."); JAYME L. BOWMAN (formerly known as JAYME HELLER)

**PROOF OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**

Finnegan v. Chase, et al.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On **June 30, 2017**, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446** on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Jack R. Finnegan | Plaintiff in Pro Per |
| 871 Avenida Acapulco | |
| San Clemente, CA 92672 | |

☒ BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 30, 2017**, at Irvine, California.

*/s/ Elaine Hellwig*
ELAINE HELLWIG

IR01DOCS\864567.1\0559150.1